UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TRAVIS AARON KOTKE,

         Plaintiff,

v.

TROOPER ANDREW AGER,
TROOPER TARA LAMILZA, and TROOPER SHELDON,

         Defendants.

Case No.
Hon.

THE MICHIGAN LAW FIRM, PC
Racine M. Miller (P72612)
*Attorney for Plaintiff*
135 N Old Woodward Ave Ste 270
Birmingham, MI 48009
Ph:844.464.3476 Fx:248.237.3690
racine@themichiganlawfirm.com

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Travis Aaron Kotke, by and through counsel, The Michigan Law Firm, PC, by Racine M. Miller, and in support of his Complaint for damages and Demand for Jury states as follows:

### JURISDICTION, VENUE, AND PARTIES

1. This is an action seeking to redress the wrongs committed in violation of the constitutional rights of Travis Aaron Kotke (hereinafter "Plaintiff" or "Kotke"), by Michigan State Police Troopers Ager, LaMilza, and Sheldon pursuant to 42 U.S.C. § 1983 for injuries occurring on May 30, 2021 and continuing into the future. The said officers, acting at all relevant times under the color of state law, employed excessive force and demonstrated

deliberate indifference to the serious medical needs of Plaintiff, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. The actions taken against Plaintiff resulted in severe, debilitating and permanent physical and emotional injury causing significant damages including, but not limited to, humiliation, anxiety, pain and suffering, and ultimately, loss of ability to lead a normal life. Defendants' conduct is so egregious, outrageous, and intentional that Plaintiff seeks punitive damages.

2. This action is brought pursuant to federal statute at 42 U.S.C. § 1981, 1983, 1985 and 1988, for deprivation of rights secured by the federal Constitution at the Fourth and Fourteenth Amendments. Jurisdiction is founded upon 28 U.S.C. § 1331, 1343(1), (3) and (4).

3. Plaintiff's claims for declaratory relief are authorized by 28 U.S.C 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. Plaintiff further invokes this Honorable Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 (a), over any and all state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy, including assault and battery, malicious prosecution and intentional infliction of emotional distress.

5. Venue is proper in the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

6. Plaintiff, at all times relevant, was a resident of the City of Laingsburg, Shiawassee County, State of Michigan.

7. Defendants are and were at all times herein employees of the State of Michigan acting under color of law and their authority as officers of the Michigan State Police (hereafter "MSP"), pursuant to state customs, policies and practices of the State of Michigan, as established, promulgated, implemented and maintained by MSP.

## GENERAL ALLEGATIONS

8. These aforementioned Defendants, acting individually as well as jointly and severally, did cause Plaintiff to be subjected to an unlawful and unreasonable search and seizure of his person and premises and to excessive and unreasonable force, causing him serious physical, emotional and psychological injuries.

9. Said Defendants also caused Plaintiff to be subjected to intentional infliction of emotional distress in violation of Defendants' duties and obligation under Michigan law that they intentionally and/or recklessly engaged in extreme and outrageous conduct which resulted in severe emotional distress, and such actions were undertaken during the course of

their employment, when they were acting or reasonably believed they were acting within the scope of their authority, and were not undertaken in good faith but rather with malice, and Defendants are therefore not entitled to governmental immunity under state law.

10. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney fees and costs, and such other and further relief as the Court may deem proper.

## STATEMENT OF FACTS

11. On May 30, 2021, Plaintiff, a sober, legally blind, disabled man without use of his legs and with severe kidney issues, called 911 and advised that his wife was highly intoxicated and had assaulted both Plaintiff and their common child.

12. Plaintiff's wife hit him in the face and taunted him to hit her.

13. Plaintiff called 911 and while on the phone with dispatch, their youngest son, who is autistic, woke up and began to cling to him.

14. Dispatch advised Plaintiff to get a door between him and his wife, and he told dispatch that he used the door to exit the house to go to the car in an effort to get away from his wife.

15. His wife followed him out the door, so Plaintiff returned to the house then locked her out of the house.

16. Plaintiff's wife struck the door with her foot, and her foot began to bleed.

17. Plaintiff noticed that his wife was crying and bleeding and so he admitted her back into the home and gave her first aid.

18. Plaintiff Kotke began to sweat profusely because of the physical and emotional exertion, and he was worried he might go into a seizure.

19. The named Defendants were dispatched to Plaintiff's home and arrived along with an ambulance.

20. Plaintiff then had to walk to the gate to let the MSP and paramedics on to the property.

21. Plaintiff returned to sit in a chair in his living room, continuing to hold his autistic son (who urinated on him) while the responding officers spoke with the wife.

22. The Michigan State Police troopers at the property began to surround Plaintiff and erroneously accused him of criminal activity, such as being on drugs.

23. Plaintiff calmly explained his medical conditions, physical challenges and exertions that were contributing to his sweaty appearance.

24. The MSP troopers then asked for him to stand up and release the child so they could take Plaintiff to jail.

25. Plaintiff verbally protested because he felt he did nothing wrong as he was the one that called the police, Mrs. Kotke was the instigator, and she hit him in the face.

26. One officer forcibly grabbed the child from Plaintiff, while two officers tackled him, forced his hands behind his back tearing his rotator cuff, and put their knees in his back, thereby breaking his shoulder blade.

27. The troopers never administered any type of sobriety test, never asked if Plaintiff needed medical treatment, or allowed him to put on any clean clothing before they took him to jail.

28. The troopers had no probable cause to believe there was any contraband in the house and yet searched in the dresser drawers of the Plaintiff.

29. Plaintiff's glasses were taken by the MSP troopers and inventoried as property, and when they were ultimately returned, they had been broken.

30. Plaintiff was taken, wearing only his pajama bottoms, to jail, with all of his severe injuries and without medical treatment.

31. The minor child was left with the intoxicated, violent mother, endangered by the MSP troopers' actions.

32. Plaintiff was not offered a breathalyzer test and was not read his Miranda rights.

33. Plaintiff was held in jail for 26 hours, posted bond but not arraigned, and released.

34. Plaintiff faced five felony charges related to this incident, four of which were dismissed on November 23, 2021.

35. Plaintiff did admit to one count of verbal attempted refusal, for failing to put his child down.

36. Plaintiff went to Community Mental Health in St. Johns for treatment including x-rays and physical therapy, and then to McLaren for an MRI.

37. Plaintiff had to endure 30-50 days of complete rest because his broken shoulder was incapable of repair, then physical therapy for four months.

38. As the result of these officers' actions, Plaintiff has experienced a significant and permanent injuries.

39. Plaintiff can no longer hold his child, lift his arm, has had an increase in his mental health medications, and will be on pain medication for rest of his life, due to the conduct of the Defendants as described herein.

40. Plaintiff's wife now has to do all lifting, dishes, laundry, childcare and shopping.

41. As a result of the Defendants' conduct, Plaintiff suffered the damages as set forth herein.

### COUNT I: VIOLATION OF 4th and 14TH AMENDMENTS – EXCESSIVE FORCE

42. Plaintiff realleges each preceding paragraph as if fully stated herein.

43. Plaintiff had a constitutional right to be free from unreasonable and excessive force.

44. Plaintiff was subjected to unreasonable and excessive force without justification or excuse.

45. As a direct and proximate result of the acts in furtherance thereof, Plaintiff suffered injury and damages as set forth herein.

### COUNT II: FALSE ARREST AND IMPRISONMENT

46. Plaintiff realleges each preceding paragraph as if fully stated herein.

47. Defendants caused Plaintiff to be arrested without probable cause.

48. Defendants caused Plaintiff to be arrested without any basis whatsoever in law or fact.

49. As the direct and proximate cause of Defendants' conduct Plaintiff suffered the damages set forth herein.

### COUNT III: 42 U.S.C 1983 AGAINST THE INDIVIDUAL DEFENDANTS' FAILURE TO INTERCEDE, UNREASONABLE SEARCH /SEIZURE

50. Plaintiff realleges each preceding paragraph as if fully stated herein.

51. Defendants each had an affirmative duty to intervene and protect Plaintiff from the constitutional violations committed by their fellow officer.

52. Defendants each:

    a. knew that excessive force was being used;

    b. knew that the search of Plaintiff's premises was wrongfully conducted and without probable cause or justification;

    c. knew that Plaintiff had been unjustifiably battered and unlawfully detained;

    d. knew that the aforementioned constitutional violations were committed by fellow law enforcement officers;

    e. had a realistic opportunity to intervene to prevent the harm from occurring and failed to do so.

53. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered the damages as set forth herein.

## COUNT IV: ASSAULT AND BATTERY

54. Plaintiff realleges each preceding paragraph as if fully stated herein.

55. The Defendants did during the course of their contact with Plaintiff make an intentional, unlawful threat /offer to do bodily injury to Plaintiff by force, under circumstances which created in Plaintiff a well-founded fear of imminent peril, including the Defendants' apparent present ability to carry out the threat.

56. In addition, the Defendants intentionally caused an unconsented touching of Plaintiff against his will without justification, or any basis in law or fact.

57. Defendants used more force than was reasonably necessary in arresting Plaintiff thereby committing an unlawful battery upon Plaintiff's person.

58. As a result of the Defendants' conduct, Plaintiff suffered the damages as set forth herein.

### COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiff realleges each preceding paragraph as if fully stated herein.

60. Defendants, individually and collectively, by their extreme and outrageous conduct, intentionally and/or recklessly caused Plaintiff severe emotional distress as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

61. As a direct and proximate result of Defendants' illegal, malicious, intentional conduct, Plaintiff suffered damages as fully set forth below.

### COUNT VI: MALICIOUS PROSECUTION – MCL 600.2907

62. Plaintiff realleges each preceding paragraph as if fully stated herein.

63. Defendants maliciously caused Plaintiff to be arrested, incarcerated, and charged in a criminal action.

64. The proceedings terminated in dismissal in favor of the Plaintiff.

65. There was an absence of probable cause for initiating or continuing the proceedings.

66. Defendants initiated and continued the proceeding with malice or a primary purpose other than that of bringing the offender to justice.

67. As a direct and proximate result of Defendants' illegal, malicious, and intentional conduct, Plaintiff suffered damages as fully set forth below.

## DAMAGES

68. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

69. As the/a direct and proximate result of the conduct of Defendants, Plaintiff suffered injuries and damages, including, but not limited to:

   a. Extreme pain and suffering;
   b. Humiliation, embarrassment, shock, fear, outrage;
   c. Severe emotional distress; and mental injury;
   d. Physical injury to his body, and permanent injury and scarring;
   e. Loss of liberty;
   f. Medical expenses;
   g. Other economic injury
   h. Other damages currently unascertainable;
   i. Exemplary damages and reasonable attorney fees, as provided by court rule and statutes, including but not limited to 42 U.S.C. 1988.
   j. Treble damages pursuant to M.C.L. 600.2907

WHEREFORE, for all the above reasons, Plaintiff demands judgment against Defendants, jointly and severally, in whatever amount he is found to be entitled, as determined by the trier of fact, together with punitive and/or exemplary damages, costs, interests, attorney fees, including but not limited to such attorney fees as are allowable under 42 U.S.C. §1988.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | THE MICHIGAN LAW FIRM, PC |
|  | /s/ Racine M. Miller<br>RACINE M. MILLER (P72612)<br>Attorneys for Plaintiff<br>135 N. Old Woodward, Ste 270<br>Birmingham, MI 48009<br>Phone: 844.464.3476<br>Fax: 248.237.3690 |
| Dated: May 29, 2024 | racine@themichiganlawfirm.com |

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through the undersigned attorneys, and hereby demands a trial by jury of each and every matter at issue in the above-entitled cause.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | THE MICHIGAN LAW FIRM, PC |
|  | /s/ Racine M. Miller<br>RACINE M. MILLER (P72612)<br>Attorneys for Plaintiff<br>135 N. Old Woodward, Ste 270<br>Birmingham, MI 48009<br>Phone: 844.464.3476<br>Fax: 248.237.3690 |
| Dated: May 29, 2024 | racine@themichiganlawfirm.com |